IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL HERNANDEZ, DERRICK PERKINS, HUGO PARRA, HERIBERTO AGUIRRE, JASON RICHARDSON, MICHEAL CARROLL, RUZHDI HYSENI and EKREM HYSENI, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § | |
| Plaintiffs, | § § | C.A. No._____ |
| | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| | § § | |
| INTEGRAL DEVELOPMENT SOLUTIONS, L.L.C.; BRENTON ODOM, JR.; ERIC ATCHLEY and MICHAEL TUCKER, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Raul Hernandez, Derrick Perkins, Hugo Parra, Heriberto Aguirre, Jason Richardson, Micheal Carroll, Ruzhdi Hyseni and Ekrem Hyseni (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendants Integral Development Solutions, L.L.C.; Brenton Odom, Jr.; Eric Atchley and Michael Tucker (collectively referred to as "Defendants"). In support thereof, they would respectfully show the Court as follows:

## I. NATURE OF SUIT

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2.      Defendants violated the FLSA by failing to pay their nonexempt employees for all hours worked at their regular rates of pay and at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

3.      Plaintiffs bring this collective action under section 216(b) of the FLSA on behalf of themselves and all other similarly situated employees in order to recover unpaid regular wages and unpaid overtime wages.

## II. JURISDICTION & VENUE

4.      Plaintiffs' claims arise under the FLSA.    29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendants reside in this district and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### III. THE PARTIES

6.      Plaintiff Raul Hernandez is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, Hernandez was engaged in commerce or in the production of goods for commerce.  Hernandez regularly worked in excess of forty (40) hours per week.  However, Hernandez was not paid for all hours worked at his regular rate of pay and/or did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7.      Plaintiff Derrick Perkins is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, Perkins was engaged in commerce or in the production of goods for commerce.  Perkins regularly worked in excess of forty (40) hours per week.  However, Perkins was not paid for all hours worked at his regular rate of pay and/or did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

8.      Plaintiff Hugo Parra is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, Parra was engaged in commerce or in the production of goods for commerce.  Parra regularly worked in excess of forty (40) hours per week.  However, Parra was not paid for all hours worked at his regular rate of pay and/or did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

9.      Plaintiff Heriberto Aguirre is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, Aguirre was engaged in commerce or in the production of goods for commerce.  Aguirre regularly worked in excess of forty (40) hours per week.  However, Aguirre was not paid for all hours worked at his regular rate of pay and/or did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

10.     Plaintiff Jason Richardson is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, Richardson was engaged in commerce or in the production of goods for commerce.  Richardson regularly worked in excess of forty (40) hours per week.  However, Richardson was not paid for all hours worked at his regular rate of pay and/or did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

11.     Plaintiff Micheal Carroll is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, Carroll was engaged in commerce or in the production of goods for commerce.  Carroll regularly worked in excess of forty (40) hours per week.  However, Carroll was not paid for all hours worked at his regular rate of pay and/or did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

12.    Plaintiff Ruzhdi Hyseni is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, Hyseni was engaged in commerce or in the production of goods for commerce.  Hyseni regularly worked in excess of forty (40) hours per week.  However, Hyseni was not paid for all hours worked at his regular rate of pay and/or did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

13.    Plaintiff Ekrem Hyseni is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, Hyseni was engaged in commerce or in the production of goods for commerce.  Hyseni regularly worked in excess of forty (40) hours per week.  However, Hyseni was not paid for all hours worked at his regular rate of pay and/or did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

14.    Defendant Integral Development Solutions, L.L.C. is a Louisiana limited liability company that may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas  78701-3218.

15.    Defendant Brenton Odom, Jr. is an individual who may be served with process at 1607 Capital Ave., Plano, Texas  75474 or wherever he may be found.

16.    Defendant Eric Atchley is an individual who may be served with process at 1607 Capital Ave., Plano, Texas  75474 or wherever he may be found.

5

17.     Defendant Michael Tucker is an individual who may be served with process at 1607 Capital Ave., Plano, Texas  75474 or wherever he may be found

18.     Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

19.  Defendant Integral Development Solutions, L.L.C. employs numerous installers/technicians who install, maintain, upgrade and repair satellite television and broadband communication equipment.   In addition to Texas, Integral Development Solutions, L.L.C. has offices is Arizona, Oklahoma, Louisiana and Wisconsin.

20.     Defendants Brenton Odom, Jr.; Eric Atchley and Michael Tucker Roy Barrett are officers and/or directors of the managing member of Defendant Integral Development Solutions, L.L.C.  As such, they have operational control of Defendant Integral Development Solutions, L.L.C. and/or effectively dominate the limited liability company's administration or otherwise act, or have the power to act, on behalf of the limited liability company vis-à-vis its employees.  This is includes, but is not limited to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

6

21.    Defendants contract with retail satellite television and broadband communication service providers (e.g., DIRECTV) for the installation, maintenance, upgrade and repair of their equipment.  In connection with their business operations, Defendants employ numerous installers/technicians to actually install, maintain, upgrade and repair the satellite television and broadband communication equipment.

22.    From approximately November 2010 through March 2011, Raul Hernandez was employed by Defendants as an installer/technician.

23.    From approximately March 2009 through March 2011, Derrick Perkins was employed by Defendants as an installer/technician.

24.    From approximately August 2009 through March 2010, Hugo Parra was employed by Defendants as an installer/technician.

25.    From approximately August 2009 through March 2011, Heriberto Aguirre was employed by Defendants as an installer/technician.

26.    From approximately February 2011 through March 2011, Jason Richardson was employed by Defendants as an installer/technician.

27.    From approximately September 2010 through March 2011, Micheal Carroll was employed by Defendants as an installer/technician.

28.    From approximately November 2010 through March 2011, Ruzhdi Hyseni was employed by Defendants as an installer/technician.

29.    From approximately September 2010 through March 2011, Ekrem Hyseni was employed by Defendants as an installer/technician.

30.    Installers/technicians, including Hernandez, Perkins, Parra, Aguirre, Richardson, Carroll, Hyseni and Hyseni, are responsible for installing, maintaining, upgrading and repairing the satellite television and broadband communication equipment.

31.    Installers/technicians, including Hernandez, Perkins, Parra, Aguirre, Richardson, Carroll, Hyseni and Hyseni, regularly work in excess of forty (40) hours per week.

32.    Defendants do not pay installers/technicians, including Hernandez, Perkins, Parra, Aguirre, Richardson, Carroll, Hyseni and Hyseni, at their regular rates of pay for all hours worked and/or at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA.

33.    Instead, Defendants pay Plaintiffs on a piece-rate basis without regard to the number of hours worked during each workweek in violation of the FLSA.  29 C.F.R. § 778.111(a) (piece-rate workers entitled to overtime).

34.    On information and belief, these same illegal pay practices were applied to all employees of Defendants who were compensated in the same or similar manner to that of Plaintiffs.

## V.  PLAINTIFFS' INDIVIDUAL ALLEGATIONS

**A.    Defendants Intentionally Misclassified Plaintiffs as an Independent Contractor To Avoid Paying Overtime Wages.**

35.    On information and belief, Plaintiffs were nonexempt employees under the guidelines of the FLSA.

36.     As nonexempt employees, Plaintiffs were legally entitled to be paid for all hours worked at their "regular rates" and/or at one and one-half times their "regular rates" for all hours worked in excess of forty (40) during each seven (7) day workweek.  29 U.S.C. §§ 206(a), 207(a).

37.     Defendants failed to pay Plaintiffs for all hours worked at their regular rates and/or for all hours worked in excess of forty (40) at one and one-half times their regular rates.

38.     Instead, Defendants intentionally misclassified Plaintiffs as independent contractors and paid them on a piece-rate basis—regardless of the number of hours they worked—all in an attempt to avoid paying overtime wages as required by the FLSA.  29 C.F.R. § 778.111(a).

39.     As a result of the misclassification, Plaintiffs were regularly "shorted" on their paychecks by not being paid for all hours worked at their regular rates and/or at a rate of time and one-half for hours worked in excess of forty (40).

40.     In the event that Defendants classified Plaintiffs as exempt from overtime, Plaintiffs were misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendants from appropriately paying Plaintiffs full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

41.     Rather, Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice of failing to pay Plaintiffs proper regular and overtime wages.

**B.      Defendants Failed to Keep Accurate Records of Time Worked.**

42.      The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

43.      In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

**C.      Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

44.      The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records and unlawful deductions are direct violations of the FLSA.

45.      No exemption excuses Defendants for failing to pay Plaintiffs at their regular rate for all hours worked and at their proper overtime rate of time and one-half for all hours worked in excess of forty (40).

46.      Defendants have not made a good faith effort to comply with the FLSA.

47.      Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiffs.

## VI. COLLECTIVE ACTION ALLEGATIONS

48.      Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above-sections of this Complaint.

49.      On information and belief, other employees have been victimized by Defendants' patterns, practices and policies identified above in violation of the FLSA.

50.    These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were, therefore, denied payment for all hours worked at their regular rates and/or overtime wages at a rate of time and one-half for hours worked in excess of forty (40).

51.    Defendants' patterns or practices of failing to pay for all hours worked and overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

52.    Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

53.    All employees of Defendants, regardless of their rates of pay, who were not paid at their regular rates for all hours worked and at their proper overtime rate for hours worked in excess of forty (40) per workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former installers/technicians or any other employee who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendants during the class period; (2) claim they were misclassified as exempt from overtime compensation and/or was an hourly employee and now seek payment for overtime hours worked; or (3) were compensated on any basis where they were not properly paid at their regular rate for all hours worked and/or at a rate of time and a half for hours worked in excess of forty (40) per workweek.

54.    Plaintiffs have retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiffs and any other Members of the Class.

11

## VII. CAUSE OF ACTION—FAILURE TO PAY WAGES

55.    Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above-sections of this Complaint.

56.    Defendants' practice of failing to pay its nonexempt employees for all hours worked at their regular rates and/or overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) per workweek is in direct violation of the FLSA.  29 U.S.C. §§ 206(a), 207(a).

57.    Defendants violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiffs their full and proper compensation.

58.    Plaintiffs are entitled to payment for all hours worked at their regular rates and/or all hours worked in excess of forty (40) in an amount that is one and one-half times their regular rates of pay.

59.    Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid regular and overtime wages as a result of Defendants' failure to comply with the guidelines of the FLSA.

## VIII.  JURY REQUEST

60.    Plaintiffs request a trial by jury.

## IX. PRAYER

WHEREFORE, Plaintiffs and all similarly situated employees who join this action

respectfully request this Court:

     a.  Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

     b.  Declare Defendants have violated the overtime provisions of the FLSA as to Plaintiffs and all those similarly situated;

     c.  Declare Defendants' violations of the FLSA to be willful;

     d.  Award Plaintiffs and all those similarly situated damages for the amount of unpaid regular and overtime wages, subject to proof at trial;

     e.  Award Plaintiffs and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

     f.  Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

     g.  Award expert witness fees incurred by Plaintiffs in the preparation and prosecution of this action;

     h.  Award postjudgment interest as allowed by law;

     i.  Award costs of court and costs of prosecuting Plaintiffs' claims; and

     j.  Award such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**